## BLANCHARD vs. VARGAS ET AL.

### APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW ORLEANS.

The rights of garnishees and their liability to pay, does not depend on privileges or preference, but on their answers to the interrogatories propounded by the plaintiffs; subject however to be disproved.

Where the garnishee's answer states he has a certain amount of defendants' property in his possession upon paying him $468, he will be entitled to retain this sum when his answer is not disproved.

This is an action for the balance of account due by the defendant, who resides in Havana. Jean Ignacio Laborde was cited as garnishee and required to answer interrogatories. These he answered as set forth in the opinion of this court.

There was judgment against the defendant for $3,105. A rule was then taken on this garnishee to show cause why he should not be condemned to pay the amount of the judgment.

There was judgment on the rule recognizing $1865 94, to be in the hands of the garnishee, one half of which he was required to pay to the plaintiff, according to a certain agreement. The garnishee appealed.

*I. W. Smith*, for the plaintiff and appellee.

*Schmidt*, for the appellant.

*Simon, J.* delivered the opinion of the court.

This is a suit by attachment. Jean I. Laborde, one of the gar-
nishees, complains that judgment was rendered against him in
favor of the plaintiff and another attaching creditor of the de-
fendant, for the sum of $1865 94, whilst he ought to have been
allowed the credit of a sum of $468, which the defendant owed
him at the time the attachment issued.    The appellant having
been interrogated on oath as to what property, monies, rights
or credit which he had in his hands belonging to the defendant,
answered :  1. That on the day of the service of the process
of attachment he had in his possession a bill of exchange, which
has been since paid, and the nett proceeds of which amount to
$987 50; and also fifty thousand segars valued in the invoice
at $878 44, which property belongs to the defendant, Vargas,
upon paying the respondent $468, and leaving a balance due
him of $1400 61, on the supposition that the segars produced
the invoice price after deducting commission, storage and
other incidental expenses, and that he has no other property,
effects, monies or any thing else belonging to said Vargas.
2. That at the time of the service of the process of attach-
ment, he was not otherwise indebted to said Vargas than is
already set forth in his reply to the first* interrogatory; and
further that either shortly prior to the service of the attach-
ment or about the same time, another attachment was served
upon him, by the district court, in the suit of Mateo Lopez vs.
Jose Vargas, together with interrogatories, while the interro-
gatories in the present suit were not served upon him till two
days afterwards, to which fact he adverts in order to protect
himself from injury in the event of conflict between the re-
spective claimants.    The parish judge ordered one half of
the amount ($932 97) to be paid to the plaintiff, the other
half being for Mateo Lopez, under an agreement on file be-
tween the two attaching creditors.

It is contended by the appellee's counsel, that if the garni-
shee had a privilege and preference over the plaintiff, he should
have filed his intervention or third opposition and supported it
by evidence ; and that his answer does not disclose any facts
which authorize any such privilege.

BLANCHARD
*vs.*
VARGAS ET AL.

The rights of garnishees and their liability to pay does not depend on privilege or preference, but on their answers to the interrogatories propounded by the plaintiff; subject however to be disproved.

It seems to us that this is not a question of privilege or preference, and that the rights of the garnishee or his liability to pay merely depend upon his answers to the interrogatories propounded to him by the plaintiff. He was called upon to answer those interrogatories according to the *arts.* 247, 250, 262, 263, *and* 264 *of the code of practice;* under those articles, the garnishee was bound to answer clearly and categorically, and if he refused or neglected to do so, such refusal and neglect was to be considered as a confession of his having in his hands, property of the defendant sufficient to satisfy the demand; the plaintiff however is permitted to disprove the facts stated by the garnishee in his answers and to show that they are false.

In this case, no such attempt has been made, and therefore, as this court has held in the case of *Oakey et al.* vs. *Miss. and Ala. R. R. Co.;* 13 *La. Rep.* 570, " The extent of the garni-" shee's liability is *to be tested by his answers* to the interroga-"tories, the truth of which has not been disproved." And it is clear that the plaintiff must abide by those answers, unless he excepts to them or attempts to contest them by proving that they are untrue. 14 *Idem* 514. If this doctrine is correct and we do not think it can be controverted, does it not necessarily follow from the answer of Laborde, that the amount in his hands was subject to be applied to the payment of the sum of $468 at the time the attachment issued? He states positively that the property in his hands belongs to the defendant, *upon* paying him (the respondent) the said sum of $468. It is true that he does not explain how and why this credit is to be allowed, but the plaintiff had the means, by propounding him additional interrogatories, to ascertain the nature and origin of the said credit; as the case stands, those answers make full proof of the facts therein contained; and if on the one hand, the plaintiff is to have the legal benefit of them, to secure the recovery of his demand; on the other hand, they cannot be divided, and must also serve for the protection of the garnishee's rights, unless regularly excepted to as insufficient and unsatisfactory, or disproved in the manner pointed out by law. In

Where the garnishee's answer states he has a certain amount of defendants' property in his possession, upon paying him $468, he will be entitled to retain this sum when his answer is not disproved.

the case of *Burke et al.* vs. *Taylor et al.;* 15 *Idem* 237, the an-
swers of the garnishees were specially excepted to as evasive
and insufficient, and it became then the duty of the court to
pronounce on the sufficiency of those answers, and on the right
assumed by the garnishees to pay themselves in preference to
the plaintiffs.    In the present case, the rule taken upon La-
borde affords him no intimation of the grounds on which he is
sought to be made liable for the whole amount, and as our laws
do not require an answer in writing to rules taken upon garni-
shees, 3 *Idem* 570, the only issue before the court resulted from
the answers of the appellant against which nothing had been
alleged or attempted to be shown; and those answers were the
only evidence upon which the inferior tribunal had to fix the
amount in the hands of Laborde subject to the satisfaction of
the plaintiff's judgment.

We conclude that the judge *a quo* erred in dividing the ap-
pellant's answers to the interrogatories, and in not limiting his
liability to the balance therein shown to belong to the defen-
dant.

With regard to the segars, we agree with the court below
that as the garnishee has not shown the amount produced by
the sale thereof, nor the expenses which may have been incur-
red thereby, he must be-considered as having in his hands the
sum by him stated in his answers to the interrogatories to be
the value of said segars.    It was his duty to account for them,
since the sheriff had left them in his possession.

It is therefore ordered, adjudged and decreed that the judg-
ment of the Parish Court be anulled, avoided and reversed,
and proceeding to give such judgment as, in our opinion, ought
to have been rendered by the lower court, it is ordered, adjudg-
ed and decreed that Ignacio Laborde pay to the plaintiff, one
half of the amount by him acknowledged to be in his hands be-
longing to the defendant, to wit: seven hundred dollars and 30½
cents, with costs in the court below, those in this court to be
borne by the appellee.